**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerald Damone HOPPER, Defendant—
Appellant.**

**No. 11–7243.**

United States Court of Appeals,
Fourth Circuit.

Submitted: March 29, 2012.

Decided: April 2, 2012.

Gerald Damone Hopper, Appellant Pro
Se. Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina,
for Appellee.

Before WILKINSON, KING, and
KEENAN, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Gerald Damone Hopper seeks to appeal
the district court's order treating his *Ha-
zel–Atlas* Motion as a successive 28
U.S.C.A. § 2255 (West Supp.2011) motion,
and dismissing it without prejudice on that
basis. He also seeks to appeal the court's
subsequent orders granting reconsidera-
tion but reaffirming the dismissal of his
*Hazel–Atlas* Motion, denying his motion to
vacate order and reinstate the *Hazel–Atlas*
motion, and denying his motion for recon-
sideration or to alter or amend. The or-
ders are not appealable unless a circuit
justice or judge issues a certificate of ap-
pealability. 28 U.S.C. § 2253(c)(1)(B)
(2006). A certificate of appealability will
not issue absent "a substantial showing of
the denial of a constitutional right." 28
U.S.C. § 2253(c)(2) (2006). When the dis-
trict court denies relief on the merits, a
prisoner satisfies this standard by demon-
strating that reasonable jurists would find
that the district court's assessment of the
constitutional claims is debatable or
wrong. *Slack v. McDaniel,* 529 U.S. 473,
484, 120 S.Ct. 1595, 146 L.Ed.2d 542
(2000); *see Miller–El v. Cockrell,* 537 U.S.
322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d
931 (2003). When the district court denies
relief on procedural grounds, the prisoner
must demonstrate both that the dispositive
procedural ruling is debatable, and that
the motion states a debatable claim of the
denial of a constitutional right. *Slack,* 529
U.S. at 484–85, 120 S.Ct. 1595. We have
independently reviewed the record and
conclude that Hopper has not made the
requisite showing. Accordingly, we deny a
certificate of appealability and dismiss the
appeal.

Additionally, we construe Hopper's no-
tice of appeal and informal brief as an
application to file a second or successive
§ 2255 motion. *United States v. Winestock,*
340 F.3d 200, 208 (4th Cir.2003). In order
to obtain authorization to file a successive
§ 2255 motion, a prisoner must assert
claims based on either: (1) newly discover-
ed evidence, not previously discoverable by
due diligence, that would be sufficient to
establish by clear and convincing evidence
that, but for constitutional error, no rea-
sonable factfinder would have found the
movant guilty of the offense; or (2) a new
rule of constitutional law, previously un-
available, made retroactive by the Su-

**116**

preme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2011). Hopper's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*